Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

***Attorneys for Plaintiff Affliction Holdings, LLC***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AFFLICTION HOLDINGS, LLC, a California Limited Liability Company,

Plaintiff,

v.

TEESPRING INC., a Delaware Corporation; and DOES 1-10, inclusive

Defendant.

CASE NO.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**

**1. FEDERAL TRADEMARK INFRINGEMENT**

**2. FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS**

**3. COMMON LAW UNFAIR COMPEITION AND TRADEMARK INFRINGEMENT**

**4. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**[JURY TRIAL DEMANDED]**

**Plaintiff Affliction Holdings, LLC** for its claims against **Defendant Teespring, Inc.** ("Teespring" or "Defendant") alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this action against Defendant for trademark infringement

and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the trademark infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business within and maintains a principal place of business in the state of California.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

**THE PARTIES**

5. Plaintiff Affliction Holdings, LLC ("Affliction") is a limited liability company organized and existing under the laws of the state of California, with an office and principal place of business located at 1799 Apollo Court, Seal Beach, California 90740.

6. Upon information and belief, Defendant Teespring, Inc. ("Teespring") is a corporation duly organized and existing under the laws of the state of Delaware with an office and principal place of business at 77 Geary Street, 5th Floor, San Francisco California, 94108.

7. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are

ascertained. Plaintiff is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Affliction Brand and Its Marks

9. Affliction has been designing, manufacturing, and selling men's and women's clothing and accessories since 2005. Since then, the company has expanded to produce multiple brands of clothing, including American Fighter®, Archaic®, Rebel Saints®, Sinful®, and Secret Artist Society, among others.

10. Affliction has been traditionally associated with the Mixed Martial Arts ("MMA") community. Through its Signature series, Affliction has collaborated with many of the world's top-ranked MMA fighters and world-class boxers, including Cain Velasquez, Andrei Arlovski, Tyron Woodley, Edson Barboza, Phil Davis, Josh Thomson, Randy Couture, Georges St-Pierre, Fedor Emelianenko, Quinton Jackson, Renato Sobral, Shane Mosley, and Zab Judah, among others.

11. Affliction, its brands, and its "Live Fast" motto also resonate with followers of a variety of other disciplines and cultures such as that of rock and roll, moto culture, vintage Americana, and impact sports.

12. In fact, Affliction has also collaborated with well-known entertainers such

as Avenged Sevenfold, Ozzy Osbourne, Black Sabbath, Megadeth, Pantera, Korn, Staind, Static-X, Testament, Atreyu, Biohazard, among others.

13. In connection with all of its brands, Affliction has used a variety of legally-protected trademarks, on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint.

14. Amongst Affliction's most well-recognized trademarks are the AFFLICTION Word Mark (U.S. Reg. No. 3,109,069; U.S. Reg. No. 3,531,1751; U.S. Reg. No. 3,677,704; U.S. Reg. No. 3,706,917; U.S. Reg. No. 3,747,346; U.S. Reg No. 3,772,612; U.S. Reg. No. 3,773,491; U.S. Reg. No. 3,857,174; and U.S. Reg. No. 4,100,137 ), the AFFLICTION Stylized Word Mark (U.S. Reg. No. 3,784,805; U.S. Reg. No. 3,784, 810; and U.S. Reg. 3,790,247; 3,915,077) and the LIVE FAST Mark (U.S. Reg. No. 4,159,524) (hereinafter collectively, "Affliction Marks").

15. The registrations for the Affliction Marks are valid and subsisting. The registrations of the Affliction Marks are also conclusive evidence of Affliction's exclusive right to use the Affliction Marks in connection with the goods identified therein and other commercial goods.

16. The registration of the Affliction Marks also provides constructive notice to Defendant of Affliction's ownership and exclusive rights in the Affliction Marks.

17. Affliction has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Affliction Marks. As a result, products bearing the Affliction Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Affliction and have acquired strong secondary meaning.

18. Affliction has continuously used the Affliction Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates of first use.

**B. Defendant's Infringing Conduct**

19. The present action arises from Defendant's wrongful importation,

distribution, advertisement, marketing, offering for sale, and/or sale of apparel bearing identical and/or confusingly similar reproductions of the Affliction Marks (hereinafter "Accused Products").

20. Upon information and belief, Defendant is engaged in the retail sale of apparel. Upon information and belief, Defendant manufactures, promotes, sells, and distributes t-shirts in the Unites States, including in this judicial district.

21. Defendant advertises, offers for sale and/or sells its products through its website, www.teespring.com (the "Website"), which is accessible to customers nationwide, including those within this judicial district.

22. Affliction recently discovered Accused Products being displayed, offered for sale, and/or sold by Teespring on its Website (exemplars shown below).

23. Defendant's use of the Affliction Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Accused Products, is without Affliction's consent or authorization.

24. Defendant has never been authorized by Affliction to manufacture, sell or offer for sale products bearing any of the Affliction Marks. Moreover, Defendant has never been a licensee of Affliction and has never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Affliction Marks.

25. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale Accused Products with the knowledge and intent that such goods will be mistaken for the genuine high quality Affliction® products despite Defendant's knowledge that it is without any authority to use the Affliction Marks. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Accused Products are genuine goods originating from, associated with, and approved by Affliction.

26. Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Affliction's ownership of the Affliction Marks, including its

exclusive right to use and license such intellectual property and the goodwill associated therewith.

27. Upon information and belief, Defendant has engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Affliction's rights for the purpose of trading off the goodwill and reputation of Affliction. If Defendant's willful infringing activities are not preliminarily and permanently enjoined by this Court, Affliction and the consuming public will continue to be damaged. (see below examples of Defendant's Accused Products)

***<u>Accused Products</u>***







28. Affliction is informed and believes and herein alleges that Defendant is a competitor and has introduced Accused Products into the stream of commerce in an effort to exploit Affliction's reputation in the market established in the Affliction Marks.

29. Defendant is not authorized by Affliction to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Affliction's trademarks or other intellectual property.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement - 15 U.S.C. § 1114)**

30. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31. The Affliction Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Affliction.

32. The registrations embodying the Affliction Marks are in full force and effect and have been used continuously since their respective first dates of use.

33. Defendant's infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendant's goods or services and falsely mislead consumers into believing that Defendant's products originate from Affliction; are affiliated or connected with Affliction; or are licensed, sponsored, authorized, approved by, or sanctioned by Affliction; or that Affliction controls the quality of Defendant's products.

34. Defendant's use of the Affliction Marks is without Affliction's permission or authority and in total disregard of Affliction's rights to control its trademarks.

35. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Affliction has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Affliction.

36. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Affliction and reap the benefit of Affliction's goodwill associated with the Affliction Marks.

37. Defendant's infringing use of the Affliction Marks is without Affliction's permission or authority and in total disregard of Affliction's rights to control its

trademarks.

38. As a direct and proximate result of Defendant's infringing activities, Affliction has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Affliction's trademarks.

39. Affliction has no adequate remedy at law.

40. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using the Affliction Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Affliction has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

41. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42. Defendant's unauthorized use of the Affliction Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Affliction or come from the same source as Affliction's goods when in fact they do not.

43. Defendant's use of the Affliction Marks is without Affliction's permission or authority and in total disregard of Affliction's rights to control its trademarks.

44. Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Affliction has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with

Defendant's commercial and business activities, all to the detriment of Affliction.

45. Affliction has no adequate remedy at law.

46. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using any of the Affliction Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Affliction has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

47. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48. Affliction owns and enjoys common law trademark rights to the Affliction Marks in California and throughout the United States.

49. Defendant's unlawful acts in appropriating rights in Affliction's common law trademarks were intended to capitalize on Affliction's goodwill for Defendant's own pecuniary gain. Affliction has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Affliction Marks. As a result of Affliction's efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to Affliction.

50. Defendant's unauthorized use of the Affliction Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Affliction.

51. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Affliction.

52. Defendant's acts constitute trademark infringement and unfair competition under California common law.

53. Affliction has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from their unlawful conduct.

54. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Affliction in reckless disregard of Affliction's rights. Said conduct was despicable and harmful to Affliction and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter it from similar such conduct in the future.

55. Affliction has no adequate remedy at law.

56. In light of the foregoing, Affliction is entitled to injunctive relief prohibiting Defendant from using the Affliction Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Affliction has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

**(Violation of Unfair Competition Law – Cal. Bus. & Prof. Code § 17200 et seq.)**

57. Affliction incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58. Defendant's foregoing acts violate the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., because they constitute unlawful, unfair, and fraudulent conduct.

59. Defendant's conduct is unlawful in violation of the UCL because it violates Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and California common law as described herein.

60. Defendant's conduct is unfair within the meaning of the UCL because it allows Defendant to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Affliction and its products. As

described herein, and on information and belief, Defendant has intentionally violated, and continues to violate, Affliction's rights in the Affliction Marks to enjoy the commercial benefits derived therefrom.

61. Defendant's conduct is fraudulent in violation of the UCL because Defendant is willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of the Affliction Marks. This conduct is likely to confuse the public as to whether Defendant's products are somehow associated, affiliated, or connected with Affliction's products, or vice versa.

62. As a direct and proximate result of Defendant's fraudulent business practices, members of the public have mistakenly believed, and will continue to mistakenly believe, that Defendant's products are somehow associated, affiliated, or connected with Affliction's products, or vice versa.

63. Affliction and the public have been, and continue to be, irreparably damaged by violation of this statute, and Affliction has no adequate remedy at law. Unless enjoined, Defendant will continue to use the marks substantially indistinguishable from/confusingly similar to the Affliction Marks, further injuring Affliction and the public. It would be difficult to ascertain the compensation that could afford Affliction adequate relief for such continuing acts.

64. As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, as alleged above, Affliction has lost, and continues to lose, income it otherwise would have received from customers of their apparel business. Affliction is entitled to relief, including a permanent injunction barring Defendant's unfair business acts or practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Affliction Holdings, LLC respectfully prays that this Court enter judgment in their favor and against Defendant Teespring, Inc. as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining Defendant, their agents, servants, employees, officers, associates, attorneys,

and all persons acting by, through, or in concert with any of them, from using the Affliction Marks or any marks, designs, works, confusingly similar/substantially similar thereto, including, but not limited to:

(a) manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products, and/or any products which bear any of the Affliction Marks or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

(b) engaging in any other activity constituting unfair competition with Affliction, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Affliction;

(c) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Affliction;

2. Ordering Defendant to recall from any distributors and retailers and to deliver to Affliction for destruction or other disposition all remaining inventory of Accused Products, or other merchandise bearing the Affliction Marks or any marks/works confusingly similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

3. Ordering Defendant to file with this Court and serve on Affliction within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts;

5. Awarding Affliction all of Defendant's profits and all damages sustained by Affliction as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6. Awarding treble damages in the amount of Defendant's profits or Affliction's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

7. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

8. Awarding Affliction statutory damages pursuant to 15 U.S.C. §1117(c) of up to $200,000 per mark infringed per type of good for non-willful trademark counterfeiting or up to $2 million per mark infringed per type of good for willful counterfeiting;

9. Awarding Affliction punitive damages in connection with its claims under California law; and

10. Such other relief as the Court deems just and proper.

Dated: October 16, 2019

BLAKELY LAW GROUP

By: ______________________

Brent H. Blakely
***Attorneys for Plaintiff***
***Affliction Holdings, LLC***

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Affliction Holdings hereby demands a trial by jury as to all claims in this litigation.

Dated: October 16, 2019

BLAKELY LAW GROUP

By: ______________________
Brent H. Blakely
***Attorneys for Plaintiff***
***Affliction Holdings, LLC***